IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SIDNEY JALLAH, :
:
    Petitioner, :
: CIVIL NO. 3:CV-09-1498
    v. :
: (JUDGE VANASKIE)
ATTORNEY GENERAL OF THE UNITED :
STATES, et al., :
:
    Respondents. :

## MEMORANDUM

### Background

    Sidney Jallah filed this pro se habeas corpus proceeding pursuant to 28 U.S.C. § 2241 while confined at the York County Correctional Facility, York, Pennsylvania as a detainee of the Bureau of Immigration and Customs Enforcement (ICE).[1] Named as Respondents are the United States Attorney General, ICE District Director Thomas Decker, and York County Prison Warden Mary Sabol. (Dkt. Entry # 1, p. 1.) By Order dated August 11, 2009, Petitioner's request for leave to proceed in forma pauperis (Dkt. Entry # 2) was granted and service of the Petition was ordered.

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Jallah describes himself as being a native and citizen of Liberia who has lived in the United States for over nine (9) years. According to the Petition, he has been in ICE's custody for a period in excess of six (6) months "after the termination of his County sentence in Philadelphia County." (Dkt. Entry # 1 at 2.) Jallah states that although he has cooperated in the removal process, Liberia has refused to accept him and ICE has been unable to remove him to any other country. The Petition, relying on Zadvydas v. Davis, 533 U.S. 678, 682 (2001), asserts that there is no reasonable likelihood that Jallah will be removed in the foreseeable future and challenges his continued detention pending removal.[2] As relief, Petitioner seeks his immediate release subject to reasonable terms of supervision. (Dkt. Entry # 11 at 2.)

Discussion

On November 19, 2009, Respondents filed a Notice of Mootness stating that "[o]n or about October 14, 2009, Jallah was released from ICE custody on an Order of Supervision." (Dkt. Entry # 12 at 2.) Since Petitioner has been released from confinement, Respondents

---

[2] In Zadvydas, the United States Supreme Court recognized that the indefinite detention of aliens beyond the ninety (90) day removal period authorized by 8 U.S.C. § 1231 (a)(3) & (6) "would raise serious constitutional concerns." The Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. However, it does not permit indefinite detention." Id. at 689. An alien may still be detained beyond 6 months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

seek dismissal of the petition on the basis of mootness. Accompanying Respondents' notice is a declaration under penalty of perjury by Chief Counsel Kent J. Frederick for the Philadelphia Office of ICE stating that ICE's electronic tracking system indicates that Jallah was released "from ICE custody on October 14, 2009, on an order of supervision." (Dkt. Entry # 12-2, ¶ 3.)

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

Jallah does not challenge the fact of his deportation. The relief sought by his Petition, release from detention pending removal, has been obtained. Consequently, under the principles set forth in Steffel, Petitioner's challenge to indefinite detention pending removal is subject to dismissal as moot since it no longer presents an existing case or controversy. See Novas v. ICE, 303 Fed. Appx. 115, 118 n. 3 (3d Cir. 2008)(release from ICE custody moots habeas petition solely addressing the detention issue.) An appropriate Order is attached.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SIDNEY JALLAH, :
:
    Petitioner, : CIVIL NO. 3:CV-09-1498
:
vs. : (JUDGE VANASKIE)
:
ATTORNEY GENERAL OF THE UNITED :
STATES, et al., :
:
    Respondents. :

## O R D E R

NOW, THEREFORE, THIS 20th DAY OF NOVEMBER, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is DISMISSED AS MOOT.

2. The Clerk of Court is directed to CLOSE the case.

                                      s/ Thomas I. Vanaskie
                                      Thomas I. Vanaskie
                                      United States District Judge